Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
Michael D. Daudt, CSB #161575
Email: mdaudt@tmdwlaw.com
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff*

FILED
CLERK, U.S. DISTRICT COURT
NOV 15 2012
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

PAUL GANNON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

NETWORK TELEPHONE SERVICES, INC., a California corporation; DECADE COMMUNICATIONS, INC., a California corporation; FRONTIER CREDIT, INC., a California corporation; AMERICAN OPERATOR SERVICES, INC., a California corporation; JOHN and JANE DOES 1 through 100; and JOHN DOE ENTITIES 1 through 10,

Defendants.

NO. CV12-9777 RGK(PJWx)

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227**

**DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1.1    Plaintiff Paul Gannon, individually and as a class representative for all persons in the United States who have received unsolicited commercial text messages on their cellular telephones from Defendants, brings this class action to stop Defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF
FOR VIOLATION OF 47 U.S.C. § 227 - 1

injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

1.2  Defendant Network Telephone Services, Inc. ("NTS") is engaged in the business of "telephone entertainment" and related billing services. NTS's services include "phone sex" and "SexText," for which consumers are charged by the minute or text to engage in sexually explicit conversations over the telephone. NTS, either directly or through agents or affiliates, operates one or more call centers in which it employs "telephone actresses" to engage in sexually explicit conversations with consumers.

1.3  NTS markets its phone sex business through the unauthorized transmission of sexually explicit advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

1.4  By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), NTS has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam and the distress of receiving an unsolicited sexually explicit text message, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

1.5  In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited voice and text calls to cell phones.

1.6  On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF
FOR VIOLATION OF 47 U.S.C. § 227 - 2

## II. PARTIES

2.1     Plaintiff Paul Gannon ("Plaintiff") is an individual citizen and resident of the State of Colorado.

2.2     Defendant NTS is a California corporation that maintains its principal place of business at 21135 Erwin Street, Woodland Hills, California 91367. NTS is, and all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

2.3     Defendant Decade Communications, Inc. ("Decade") is a California corporation that maintains its principal place of business at 21135 Erwin Street, Woodland Hills, California 91367. Decade is, and all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

2.4     Defendant Frontier Credit, Inc. ("Frontier") is a California corporation that maintains its principal place of business at 21135 Erwin Street, Woodland Hills, California 91367. Frontier is, and all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

2.5     Defendant American Operator Services, Inc. ("AOS") is a California corporation that maintains its principal place of business at 21135 Erwin Street, Woodland Hills, California 91367. AOS is, and all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

2.6     Defendants NTS, Decade, Frontier and AOS have acted in concert in doing the things alleged herein, and/or have used each other as mere alter egos or agents in doing the things alleged herein.

2.7     Defendants JOHN and JANE DOES 1 through 100, whose true names are unknown, are individuals who have acted in concert with Defendants in doing the things alleged herein, and/or have used other Defendants herein as mere alter egos or agents in doing the things alleged herein.

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF
FOR VIOLATION OF 47 U.S.C. § 227 - 3

2.8     Defendants JOHN DOE ENTITIES 1 through 10, whose true names are unknown, are corporations, limited liability companies, or other business entities who have acted in concert with Defendants in doing the things herein alleged, and/or have used other Defendants herein as mere alter egos or agents in doing the things alleged herein.

### III. JURISDICTION AND VENUE

3.1     This court has federal question subject matter jurisdiction under 28 U.S.C § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, which is a federal statute.

3.2     This Court has personal jurisdiction over Defendants under California Code of Civil Procedure § 410.10 because certain of the acts alleged herein were committed in California and because Defendants do business in California.

3.3     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this District.

### IV. FACTUAL ALLEGATIONS

4.1     In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

4.2     A recent innovation in such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

4.3     An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF
FOR VIOLATION OF 47 U.S.C. § 227 - 4

owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

4.4   Unlike more conventional advertisements, wireless spam actually costs its recipients money, because cell phone users must frequently pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

4.5   Beginning no later than the year 2009, Defendants directed the mass transmission of wireless spam to the cell phones nationwide of what they hoped were potential customers of Defendants' phone sex services.

4.6   For instance, on or about September 4, 2012, Plaintiff's cell phone rang, indicating that a text call was being received. The "from" field of such transmission was identified as "18183070155," which, upon information and belief, is a telephone number assigned to Defendants. The body of such text message read: "Hot honeys r ready to pleasure u and make u cumm. $25 credit on your first call! Call 800-999-2428. Want to SEXTEXT, Rply A! Rply END to be remvd. (18+,$)."

4.7   The telephone number in the body of the text message to Plaintiff, 800-999-2428, is, upon information and belief, also assigned to Defendants.

4.8   At no time did Plaintiff consent to the receipt of the above-referenced message or any other such wireless spam text messages from Defendants.

## V. CLASS ACTION ALLEGATIONS

5.1   <u>Class Definition</u>. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a class (the "Class") defined as follows:

> All persons in the United States and its Territories who received one or more unauthorized text messages by or on behalf of Defendants, or their agents or affiliates.

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF
FOR VIOLATION OF 47 U.S.C. § 227 - 5

Excluded from the Class are Defendants, any entity in which a Defendant has a controlling interest or that has a controlling interest in a Defendant, Defendants' employees or agents, legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

5.2   <u>Numerosity</u>.  Defendants have sent unsolicited, sexually explicit text messages similar to that received by Plaintiff to numerous other Class members without their prior consent.  The Class members number in the thousands, such that joinder of all members is impracticable.  The disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

5.3   <u>Adequacy</u>.  Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so.  Neither Plaintiff, nor his counsel, has any interest adverse to those of the other members of the Class or each other.

5.4   <u>Superiority</u>.  Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

5.5   <u>Typicality</u>.  The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein.  Plaintiff and the other Class members have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct as a result of the transmission of the wireless

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF
FOR VIOLATION OF 47 U.S.C. § 227 - 6

spam. Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

5.6 <u>Commonality</u>. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

(a) Does the wireless spam that Defendants distributed violate 47 U.S.C. § 227?

(b) Are the Class members entitled to treble damages based on the willfulness of Defendants' conduct?

(c) Did the conduct described above violate the Class's right to privacy?

## VI. FIRST CLAIM FOR RELIEF
## VIOLATION OF 47 U.S.C. § 227

6.1 Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

6.2 Defendants made unsolicited commercial text calls as alleged herein to the wireless telephone numbers of the Plaintiff and the Class. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendants were able to effectively send thousands of text messages simultaneously to thousands of wireless phone numbers of consumers without human intervention.

6.3 These text calls were made *en masse* without the prior express consent of the Plaintiff and the other members of the Class to receive such wireless spam.

6.4 Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, Plaintiff and the other members of the Class are each entitled, under

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF
FOR VIOLATION OF 47 U.S.C. § 227 - 7

section 227(b)(3)(B), to a minimum of $500 in damages for each violation, and an injunction to prevent further violations.

6.5   Because Defendants had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## VII. RELIEF REQUESTED

Plaintiff requests the Court enter judgment against Defendants as follows:

A.   An order certifying the Class as defined above;

B.   An award of actual and statutory damages;

C.   An injunction requiring Defendants to cease all wireless spam activities;

D.   An award of reasonable attorneys' fees and costs; and

E.   Such further and other relief as the Court deems reasonable and just.

## VIII. DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF
FOR VIOLATION OF 47 U.S.C. § 227 - 8

RESPECTFULLY SUBMITTED AND DATED this 13th day of November, 2012.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By /s/ *signature*
Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
Michael D. Daudt, CSB #161575
Email: mdaudt@tmdwlaw.com
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

Stefan Coleman [Pro Hac Vice Motion to be Filed]
Email: Law@StefanColeman.com
LAW OFFICES OF STEFAN COLEMAN
201 S Biscayne Blvd, 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF
FOR VIOLATION OF 47 U.S.C. § 227 - 9

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

### CV12- 9777 RGK (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Beth E. Terrell, CSB #178181
Michael D. Daudt, CSB #161575
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GANNON<br><br>PLAINTIFF(S)<br>v.<br>NETWORK TELEPHONE SERVICES, INC., et al.,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV12-9777** RGK(PJWx)<br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Beth E. Terrell and Michael D. Daudt_, whose address is _936 North 34th Street, Suite 400, Seattle, Washington, 98103-8869_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __11/15/2012__       By: _____
                                    Deputy Clerk

                                    (Seal of the Court)
                                    1164

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

SEE ATTACHED

CV-01A (10/11)                          SUMMONS

1  Beth E. Terrell, CSB #178181
   Email: bterrell@tmdwlaw.com
2  Michael D. Daudt, CSB #161575
   Email: mdaudt@tmdwlaw.com
3  TERRELL MARSHALL DAUDT & WILLIE PLLC
   936 North 34th Street, Suite 400
4  Seattle, Washington 98103-8869
   Telephone: (206) 816-6603
5  Facsimile: (206) 350-3528

6  [Additional counsel appearing on signature page]

7  *Attorneys for Plaintiff*

8

FILED
CLERK, U.S. DISTRICT COURT
NOV 1 5 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GANNON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NETWORK TELEPHONE SERVICES, INC., a California corporation; DECADE COMMUNICATIONS, INC., a California corporation; FRONTIER CREDIT, INC., a California corporation; AMERICAN OPERATOR SERVICES, INC., a California corporation; JOHN and JANE DOES 1 through 100; and JOHN DOE ENTITIES 1 through 10,<br><br>Defendants. | NO. CV12-9777 RGK(PJWx)<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227**<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1.1  Plaintiff Paul Gannon, individually and as a class representative for all persons in the United States who have received unsolicited commercial text messages on their cellular telephones from Defendants, brings this class action to stop Defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons

CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF
FOR VIOLATION OF 47 U.S.C. § 227 - 1

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
PAUL GANNON

**DEFENDANTS**
NETWORK TELEPHONE SERVICES, INC.; DECADE COMMUNICATIONS, INC.; FRONTIER CREDIT, INC.; AMERICAN OPERATORS SERVICES, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Beth E. Terrell, CSB #178181; Michael D. Daudt CSB #161575, 936 North 34th Street, Suite 400, Seattle, Washington, 98103 8869, Telephone: (206) 816 6603, Email: bterrell@tmdwlaw.com, Email: mdaudt@tmdwlaw.com.

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
47 U.S.C. § 227: Violation of Telephone Consumer Protection Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | **SOCIAL SECURITY** |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

CV12-9777

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Paul Gannon, Pitkin County, Colorado |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date November 13, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |