Name  Michael D. Daudt, CSB #161575
Address  936 North 34th Street, Suite 300
City, State, Zip  Seattle, Washington  98103-8869
Phone  (206) 816-6603
Fax  (206) 358-2528
E-Mail  mdaudt@tmdwlaw.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GANNON, <br><br> PLAINTIFF(S), <br> v. <br> NETWORK TELEPHONE SERVICES, INC., et al., <br><br> DEFENDANT(S). | CASE NUMBER: <br><br> 2:12-cv-09777-RGK-PJW <br><br> **NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _Plaintiff Paul Gannon_ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:


☐ Bail status:

**Civil Matter**

☒ Order (specify):
   Dkt. 72 Order Denying Class Certification

☒ Judgment (specify):
   Dkt. 84 Order Dismissing Claim

☐ Other (specify):


Imposed or Filed on  September 16, 2013  . Entered on the docket in this action on  September 19, 2013  .

A copy of said judgment or order is attached hereto.


October 21, 2013                              /s/ Michael D. Daudt, CSB #161575
Date                                          Signature
                                              ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

**Note:**  The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party.  Also, if not electronically filed in a criminal case,  the Clerk shall be furnished a sufficient number of copies of the Notice of  Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

*Paul Gannon v. Network Telephone Systems, Inc., et al.*

U.S. District Court Central District of California No. 2:12-cv-09777-RGK-PJW

# ATTACHMENT TO NOTICE OF APPEAL

# REPRESENTATION STATEMENT

<u>Attorneys for Plaintiff/Appellant Paul Gannon</u>:

   Beth E. Terrell, CSB #178181
   Email: bterrell@tmdwlaw.com
   Michael D. Daudt, CSB #161575
   Email:  mdaudt@tmdwlaw.com
   TERRELL MARSHALL DAUDT & WILLIE PLLC
   936 North 34th Street, Suite 300
   Seattle, Washington  98103-8869
   Telephone:  (206) 816-6603

   Stefan Coleman, *Admitted Pro Hac Vice*
   Email: law@stefancoleman.com
   LAW OFFICES OF STEFAN COLEMAN
   201 South Biscayne Boulevard, 28th Floor
   Miami, Florida  33131
   Telephone: (877) 333-9427

   Gretchen M. Nelson, CSB #112566
   Email:  gnelson@kreindler.com
   KREINDLER & KREINDLER
   707 Wilshire Boulevard, Suite 4100
   Los Angeles, California  90017
   Telephone:  (213) 622-6469

Attorneys for Defendants/Appellees Decade Communications, Inc., Frontier Credit, Inc., American Operator Services, Inc., Joseph Preston and Gary Passon:

    Robert H. Platt, CSB #108533
    E-mail: rplatt@manatt.com
    Adrianne E. Marshack, CSB #253682
    E-mail: amarshack@manatt.com
    MANATT, PHELPS & PHILLIPS, LLP
    11355 West Olympic Boulevard
    Los Angeles, California 90064-1614
    Telephone: (310) 312-4000
    Facsimile: (310) 312-4224

CERTIFICATE OF SERVICE

I, Michael D. Daudt, hereby certify that on October 21, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Robert H. Platt, CSB #108533
>E-mail:  rplatt@manatt.com
>Adrianne E. Marshack, CSB #253682
>E-mail:  amarshack@manatt.com
>MANATT, PHELPS & PHILLIPS, LLP
>11355 West Olympic Boulevard
>Los Angeles, California  90064-1614
>Telephone:  (310) 312-4000
>Facsimile:  (310) 312-4224

*Attorneys for Defendants*

DATED this 21st day of October, 2013.

>TERRELL MARSHALL DAUDT
>    & WILLIE PLLC


>By:  /s/ Michael D. Daudt, CSB #161575
>    Michael D. Daudt, CSB #161575
>    Email: bterrell@tmdwlaw.com
>    936 North 34th Street, Suite 300
>    Seattle, Washington  98103-8869
>    Telephone:  (206) 816-6603
>    Facsimile:  (206) 350-3528

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9777-RGK (PJWx) | Date | June 5, 2013 |
|---|---|---|---|
| Title | *GANNON v. NETWORK TELEPHONE SERVICES, INC., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion to Certify Class (DE 36)**

## I. INTRODUCTION

On November 15, 2012, Paul Gannon ("Plaintiff") filed a class-action Complaint against Network Telephone Services Inc. ("NTS"), Decade Communications Inc., Frontier Credit Inc., American Operator Services Inc., and several former or current executives of NTS (collectively, "Defendants"). Plaintiff alleges Defendants sent unsolicited text messages using auto-dialing equipment to the cell phones of Plaintiff and class members without their prior express consent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii).

Presently before the Court is Plaintiff's Motion to Certify the Class. For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Defendant NTS is engaged in the business of telephone entertainment, in particular pay-per-call "phone sex" and "SexText." NTS operates approximately 45,000 telephone entertainment lines. The other defendants in this action provide support services to NTS or are employees of NTS.

Plaintiff alleges that starting late 2008, Defendants acted in concert to send mass text messages to cell phones, in order to promote NTS' services. NTS sends text messages only to individuals that have previously initiated contact with the company, generally by calling one of NTS' entertainment lines.

NTS informs potential callers and customers that by calling its entertainment lines, they may receive special offers via text message or communications from the company. When a call arrives to any of these lines, the caller hears recorded disclosures. The "mid-amble" message informs the caller, among other things, that by continuing the call he is consenting to be contacted by the company at the phone

number from which he is calling, but that he may opt-out of receiving such contact and advising how to do so. Callers are informed of various ways to opt-out of future communications, including via internet, phone, or mail. NTS also informs customers through print advertisements, its primary marketing vehicle, that callers will get a text message providing special offers.

The text messaging system is set up to send messages to callers who do not opt-out of receiving communications within approximately one week of the initial call. If the recipient does not opt-out or does not respond to the message, NTS sends a second text message approximately one week later. If the recipient does not respond to either text message, the recipient's telephone number is purged from the system and he will not receive another text message unless he initiates contact.

Plaintiff alleges that he accidentally called one of NTS' entertainment lines on August 13, 2012. Plaintiff called the line, however, immediately hung-up when he realized he had dialed the wrong number. Approximately three weeks later, Plaintiff received a promotional text message from NTS, which gave him the option of opting-out of future messages. He did not opt-out and subsequently received a second text message. As a result, Plaintiff contends Defendants violated the TCPA by sending these messages. Section 227(b)(1)(A)(iii) of the TCPA makes it unlawful for any person or entity to make a call . . . (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system . . . ." *Id.*

### III.   JUDICIAL STANDARD

A court may certify a class only if a plaintiff meets all the prerequisites of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588-89 (9th Cir. 2012). The plaintiff has the burden of showing that the Rule 23(a) and Rule 23(b) requirements are met. *Zinser v. Accufix Res. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

"Frequently[,] [the] 'rigorous analysis' [of Rule 23] will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, ___ U.S. ___, 131 S. Ct. 2541, 2551 (2011). In examining that "overlap," a court may "afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations and internal quotation marks omitted). However, "[a]lthough some inquiry into the substance of a case may be necessary . . . it is improper to advance a decision on the merits to the class certification stage." *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003) (citations and internal quotation marks omitted).

### IV.   DISCUSSION

Plaintiff argues that the Court should certify the proposed class as all Rule 23 requirements are satisfied. For the following reasons, the Court **denies** Plaintiff's Motion.

#### A.   Identifiable and Ascertainable Class

As a threshold matter, Defendants contend that certification should be denied because Plaintiff's class definition does not set forth an identifiable and ascertainable class. The Court agrees.

Although not specifically mentioned in Rule 23(a), a plaintiff's class definition must set forth a class that is identifiable and ascertainable. *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.*, 209 F.R.D. 159, 163 (C.D. Cal. 2002). A class is identifiable and ascertainable if it is "administratively feasible for the court to ascertain whether an individual is a member." *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998). Further, "[a] class must be ascertainable

without inquiring into the merits of the case." *Vandervort v. Balboa Capital Corp.*, 287 F.R.D. 554, 557 (C.D. Cal. 2012); *see Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 403 (E.D. Pa. 1995).

Here, Plaintiff seeks to certify a class consisting of "[a]ll persons in the United States and its Territories who received one or more *unauthorized* text messages sent by or on behalf of Defendants, or their agents or affiliates nationwide, where any such text message was sent on or after November 15, 2008." (Dkt 36-1, 2)(emphasis added).

However, Plaintiff's proposed class is unascertainable and unidentifiable. The Court cannot determine whether an individual is part of the class without extensive individual inquiry into the merits of Plaintiff's claim, which ultimately makes identification of the class administratively unfeasible. *Vandervort*, 287 F.R.D. at 557; *see Forman*, 164 F.R.D. at 403. Plaintiff's class definition would require individual inquiry into whether the potential class members consented to receiving text messages. Defendants provide evidence that some of the recipients may have consented, because callers were explicitly informed that they may be contacted by the company at the number from which they had called and provided an opportunity to opt-out of receiving such contact. Callers may have also seen NTS' advertisements, which included disclosures about receiving promotional messages. It is possible that some callers, having seen or heard NTS' disclosures, may have elected not to opt-out, because they wanted to receive promotional messages.

Based on these facts, the Court "would have to hold 'mini-trials' to determine who received" unauthorized text messages and thus, who is a class member. *Id.* Such circumstances render the proposed class not ascertainable or identifiable, because significant inquiry as to each individual class member would be required, as well as inquiry into the merits of the claim. *Id.*; *Vigus v. S. Illinois Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229, 236 (S.D. Ill. 2011). While there may be other class members who–like Plaintiff–called NTS by accident and hung-up before listening to the disclosures and opt-out procedure, the process to identify such class members would be even more unmanageable. *Xavier v. Philip Morris USA Inc.,* 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011). Accordingly, certification is improper.

### B.     The Requirements of Rule 23(b)(3) Are Not Satisfied

Even if the class were ascertainable, Plaintiff fails to demonstrate that common questions predominate and that class action is the superior method of adjudication under Rule 23(b)(3).

A court may certify a class action under Rule 23(b)(3) if it "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The predominance inquiry tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Class actions are justified when a single adjudication can resolve for all class members common questions that are a significant aspect of a case. *Hanlon*, 150 F.3d at 1022. The "main concern in the predominance inquiry . . . [is] the balance between individual and common issues." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 959 (9th Cir. 2009).

Plaintiff has not established that common issues predominate over individualized issues. Determining Defendants' liability for the TCPA claim would require individual inquiry into, amongst other things:

(1) whether the class member dialed one of NTS' entertainment lines purposely or by accident;
(2) whether the class member had seen any disclosures of NTS' text message practice in NTS' advertising;

(3) how many times the class member called;
(4) whether the class member heard the disclosure at the beginning of the call during the mid-amble, advising him about receiving future communications from NTS and advising how to opt-out; or
(5) whether the class member actually attempted to opt-out.

In light of these individual questions and others[1], Plaintiff has not established that common questions of law or fact predominate. *See Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 329 (5th Cir. 2008); *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1169 (S.D. Ind. 1997). This problem is further exacerbated by the fact that NTS operates 45,000 different entertainment lines, sent text messages to 3.6 million cell phone numbers from one of 25 different phone numbers. As a result, Plaintiff fails to satisfy the predominance requirement of Rule 23(b)(3).

Moreover, because Plaintiff fails to satisfy the predominance requirement, the Court finds a class action would not be superior to other methods for fairly and efficiently adjudicating the controversy. *Forman,* 164 F.R.D. at 404-05; *Virgus*, 274 F.R.D. at 235 (noting that punitive class members in TCPA actions would have a superior remedy in more speedy venues such as, for example, a small claims court). Therefore, certification is also improper based on Plaintiff's failure to meet the requirements of Rule 23(b)(3).

## V.      CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

:

Initials of Preparer

---

[1] Defendants raise other individual questions in their Opposition. (Dkt 54, 26.)

Gretchen M. Nelson, CSB #112566
Email: gnelson@kreindler.com
KREINDLER & KREINDLER
707 Wilshire Boulevard, Suite 4100
Los Angeles, California 90017
Telephone: (213) 622-6469
Facsimile: (213) 622-6019

JS-6

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GANNON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NETWORK TELEPHONE SERVICES, INC., a California corporation; DECADE COMMUNICATIONS, INC., a California corporation; FRONTIER CREDIT, INC., a California corporation; AMERICAN OPERATOR SERVICES, INC., a California corporation; JOSEPH PRESTON, individually; and GARY PASSON, individually,<br><br>Defendants. | NO. 2:12-cv-09777-RGK-PJWx<br><br>**[PROPOSED] ORDER DISMISSING PLAINTIFF'S INDIVIDUAL CLAIM AND ENTERING JUDGMENT FOLLOWING DENIAL OF CLASS CERTIFICATION**<br><br>Hon. R. Gary Klausner |

The Court, having reviewed the Joint Stipulation to Dismiss Plaintiff's Individual Claim, Preserve Plaintiff's Appellate Rights to Act as Class Representative, and Enter Final Judgment, hereby finds good cause and ORDERS that:

[PROPOSED] ORDER DISMISSING PLAINTIFF'S
INDIVIDUAL CLAIM AND ENTERING JUDGMENT
FOLLOWING DENIAL OF CLASS CERTIFICATION - 1

1. Plaintiff's individual claim asserted in this action be dismissed with prejudice under FRCP 41;

2. Said dismissal of Plaintiff's individual claim is not intended or meant to deprive Plaintiff of the right to pursue any appellate remedies relating to the District Court's denial of class certification or to serve as class representative if the denial of certification is reversed on appeal; and

3. The District Court having denied class certification, and Plaintiff and Defendant having resolved Plaintiff's individual claims, judgment be otherwise entered finally disposing of all issues in this case at the District Court level with each side to bear their own attorneys' fees and costs consistent with the terms of the conditional waivers spelled out in the Joint Stipulation.

IT IS SO ORDERED.

Dated this 16th day of September, 2013.

_____
UNITED STATES DISTRICT JUDGE

Presented by:

TERRELL MARSHALL DAUDT
 & WILLIE PLLC


By: /s/ Michael D. Daudt, CSB #161575
    Beth E. Terrell, CSB #178181
    Email: bterrell@tmdwlaw.com
    Michael D. Daudt, CSB #161575
    Email: mdaudt@tmdwlaw.com
    936 North 34th Street, Suite 400
    Seattle, Washington 98103-8869
    Telephone: (206) 816-6603
    Facsimile: (206) 350-3528

[PROPOSED] ORDER DISMISSING PLAINTIFF'S
INDIVIDUAL CLAIM AND ENTERING JUDGMENT
FOLLOWING DENIAL OF CLASS CERTIFICATION - 2

Stefan Coleman, *Admitted Pro Hac Vice*
Email: law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN
201 South Biscayne Boulevard, 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Gretchen M. Nelson, CSB #112566
Email: gnelson@kreindler.com
KREINDLER & KREINDLER
707 Wilshire Boulevard, Suite 4100
Los Angeles, California 90017
Telephone: (213) 622-6469
Facsimile: (213) 622-6019

*Attorneys for Plaintiff*

MANATT, PHELPS & PHILLIPS, LLP

By: Adrianne E. Marshack, CSB #253682
Robert H. Platt, CSB #108533
E-mail: rplatt@manatt.com
Adrianne E. Marshack, CSB #253682
E-mail: amarshack@manatt.com
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendants*

[PROPOSED] ORDER DISMISSING PLAINTIFF'S
INDIVIDUAL CLAIM AND ENTERING JUDGMENT
FOLLOWING DENIAL OF CLASS CERTIFICATION - 3