**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| PAUL GANNON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>NETWORK TELEPHONE SERVICES, INC., a California corporation; DECADE COMMUNICATIONS, INC., a California corporation; FRONTIER CREDIT, INC., a California corporation; AMERICAN OPERATOR SERVICES, INC., a California corporation; JOSEPH PRESTON, individually; GARY PASSON, individually,<br><br>    Defendants - Appellees. | No. 13-56813<br><br>D.C. No. 2:12-cv-09777-RGK-PJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted December 10, 2015
Pasadena, California

Before: PREGERSON, CALLAHAN, and HURWITZ, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Paul Gannon challenges the district court's denial of class certification in his suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227. We have jurisdiction of this appeal under 28 U.S.C. § 1291 because the parties stipulated to dismissal of Gannon's Second Amended Complaint. We affirm.

**1.** Federal Rule of Civil Procedure 23(b)(3) provides that a class action may be maintained if "questions of law or fact common to class members predominate over any questions affecting only individual members." "To meet this requirement, the common questions must be a significant aspect of the case" that "can be resolved for all members of the class in a single adjudication." *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1068 (9th Cir. 2014) (internal quotation marks omitted).

**2.** Gannon's proposed class includes all recipients of "unauthorized" text messages from Network Telephone Services ("NTS"). The central issue in the case is whether the text messages were unauthorized. But, the proposed class includes at least the following groups: (a) those, like Gannon, who claim to have called an NTS phone line by mistake and may have discontinued the call before hearing the "mid-amble" that informed the caller of NTS's intent to send future text messages; (b) those who heard the mid-amble and did not follow its instructions as to how to opt out of receiving text messages; and (c) those who called the NTS phone line in response to an advertisement that expressly promised future text messages. To

determine liability, the district court would be required to determine whether under each of these different factual scenarios—and undoubtedly others—the caller agreed to receive text messages. Given "the significance of those uncommon questions," the district court did not abuse its discretion by finding the requirements of Rule 23(b)(3) unsatisfied. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624 (1997).

    **3.**    The district court did not abuse its discretion by finding that the members of the proposed class were not readily ascertainable. *See, e.g., Williams v. Oberon Media, Inc.*, 468 F. App'x 768, 770 (9th Cir. 2012); *In re NJOY, Inc. Consumer Class Action Litig.*, --- F. Supp. 3d ---, 2015 WL 4881091, *23 (C.D. Cal. Aug. 14, 2015). The district court appropriately determined that it would be extremely difficult to ascertain the identities of the individuals who had not consented to receive the messages.

    **AFFIRMED**.